UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

DEC 12 2012

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § | CRIMINAL NO. |
| ELDA REGALADO OLIVAREZ<br>ARMANDO ELIZONDO-MORENO | § § § § | 12 CR 773 |
| GILBERTO GUERRA<br>HOMERO AGUILAR LUCATERO | § § § | |
| JULIO PENA | § § | |
| ANTHONY REYES | § | |

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT ONE

(Conspiracy to Possess With Intent to Distribute Controlled Substance)

Between on or about January 1, 2010 and continuing until on or about December 12, 2012, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **Defendants,**

ELDA REGALADO OLIVAREZ,
ARMANDO ELIZONDO-MORENO,

GILBERTO GUERRA,
HOMERO AGUILAR LUCATERO,

JULIO PENA,

ANTHONY REYES,

did knowingly and intentionally conspire and agree with each other and with other persons known and unknown to the Grand Jurors to possess with intent to distribute a controlled substance. This violation involved a quantity of 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 846, 841(a)(1) and 841(b)(1)(A).

## COUNT TWO

### (Possession With Intent to Distribute Controlled Substance)

On or about August 23, 2011, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **Defendants,**

**ARMANDO ELIZONDO-MORENO, and**

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a quantity of 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT THREE

### (Possession With Intent to Distribute Controlled Substance)

On or about May 17, 2012, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **Defendants,**

**ELDA REGALADO OLIVAREZ,
GILBERTO GUERRA and
HOMERO AGUILAR LUCATERO,**

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a quantity of 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

## COUNT FOUR

### (Possession With Intent to Distribute Controlled Substance)

On or about July 19, 2012, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **Defendants,**

**JULIO PENA,**

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a quantity of 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

# COUNT FIVE

### (Possession With Intent to Distribute Controlled Substance)

On or about July 19, 2012, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, **Defendant,**

## ANTHONY REYES,

did knowingly and intentionally possess with intent to distribute a controlled substance. This violation involved a quantity of 50 grams or more of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A), and Title 18, United States Code, Section 2.

# NOTICE OF CRIMINAL FORFEITURE

Title 21, United States Code, Section 853

Pursuant to Title 21, United States Code, Section 853, as a result of the commission of a violation of 21 U.S.C. §§ 846 and 841, as charged in Counts One, Two, Three and Four of the Indictment, notice is given that the **Defendants,**

**ELDA REGALADO OLIVAREZ,
ARMANDO ELIZONDO-MORENO,**

**GILBERTO GUERRA,
HOMERO AGUILAR LUCATERO,**

**JULIO PENA,**

**ANTHONY REYES,**

shall forfeit to the United States of America:

(1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such violation; and

(2) any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of such violation,

including, but not limited to, the following property:

Approximately <u>SIX MILLION DOLLARS ($6,000,000.00)</u> in United States currency.

## SUBSTITUTE ASSETS

In the event that the property which is subject to forfeiture to the United States, as a result of any act or omission of any of the defendants:

(1) cannot be located upon exercise of due diligence;

(2) has been placed beyond the jurisdiction of the Court;

(3) has been transferred or sold to, or deposited with a third party;

(4) has been substantially diminished in value; or

(5) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property, pursuant to Title 21, United States Code, Section 853(p), and Title 18, United States Code, Section 982(b) incorporating Title 21, United States Code, Section 853(p).

A TRUE BILL:

Original Signature on File

FOREMAN OF THE GRAND JURY

KENNETH MAGIDSON
UNITED STATES ATTORNEY

ARTHUR R. JONES
Assistant United States Attorney